# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRENT and JULIE HARNISH, | ) | |
| STEVEN HECKAMAN and JANIS KENGIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:10CV511-PPS |
| | ) | |
| LIBERTY FARM EQUINE | ) | |
| REPRODUCTION CENTER, LLC, | ) | |
| DeGRAFF STABLES KENTUCKY, LLC, | ) | |
| DeGRAFF STABLES, INC. and | ) | |
| ROBIN L. DeGRAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

In April of this year, I set this case for trial on August 26. The parties had 16 months in which to do discovery, from May 23, 2011 through October 1, 2012. On July 24, the defendants filed a motion seeking leave to take the deposition of Rusty Ford of the Kentucky Department of Agriculture, in order to preserve his testimony for use at trial. The motion will be denied because the request comes too late and because Ford was not properly disclosed as a trial witness in any event.[1]

If the Liberty Farm defendants find themselves in a proverbial pickle, it appears they have pickled themselves. Rusty Ford is an employee of the Kentucky Department of Agriculture who received and responded to the report of contagious equine metritis by quarantining Liberty Farm. Ford's anticipated testimony is outlined in an offer of proof filed by Liberty Farm,

---

[1] My order of last Friday, August 9, announced the denial of the motion and indicated that an explanatory order would be forthcoming. This opinion explains the rationale for the motion's denial.

suggesting that he is a "necessary" witness who was directly and substantially involved in the investigation of the facility under quarantine and can offer fact testimony germane to issues of both liability and damages. [DE 160-4.] Ford has advised Liberty Farm that he will not be available to testify at trial, and Ford cannot be compelled to come because he lives and works beyond the court's 100-mile subpoena power. The Liberty Farm defendants now require leave of court in order to take a video deposition of Ford that can be used in place of live testimony at trial.

But despite his professed significance, Liberty Farm has never properly disclosed Rusty Ford as a potential witness. Defendants' disclosures under Fed.R.Civ.P. 26(a)(1) failed to list him. The disclosure's witness list includes a generic "Representatives from the Kentucky Department of Agriculture," but as witnesses concerning the disease CEM and how the associated public health threat was handled by the USDA. [DE 160-1 at 4.] This disclosure does not cover Rusty Ford and his much more particularized testimony about the events underlying this case and the investigation at Liberty Farm. Defendants' suggestion that Ford was "not known as early as" the initial disclosures is (a) not particularly believable, and (b) no excuse. The offer of proof tells us that Ford "personally quarantined the facility" at Liberty Farm, and while there, "met with Robin DeGraff and her colleagues and employees multiple times over the course of the ensuing weeks." [DE 160-4 at 2.] Such a person would be well known to the defendants even prior to the filing of the litigation. Even if Ford and his important testimony had somehow surfaced only after the initial disclosures, the duty to supplement under Rule 26(e) should have compelled Liberty Farm to specifically disclose him as soon as they recognized him as a potential witness.

2

In discovery, the stud owner plaintiffs served coordinated requests for admissions and interrogatories that required the defendants to give a "complete description of all facts and witnesses relied upon" to support their contentions that they had employed appropriate care in their handling of the horses. [DE 165 at 3, 6.] Liberty Farms responded that the "testimony of Julie Harnish, Brent Harnish, and Steven Heckaman, in part, all support the high level of care provided to Plaintiffs' horses while at Liberty Farm." [*Id.* at 7.] Rusty Ford should have been included in Liberty Farm's answer, given that he is now said to have testimony about the condition of the farm and its facilities, including "that he found strong biosecurity routinely enforced." [DE 160-4 at 2.]

That particular desired testimony raises another issue, namely that on several points, Ford's testimony shades into expert territory, making it all the more problematic that Ford was not previously identified as a potential witness. In addition to Ford's finding that strong biosecurity was routinely enforced, anticipated testimony about "how many facilities allowed CEM to transfer" and "the operations conforming to the regulations and laws of the time" sound like expert testimony.

Because there was no direct and express disclosure of Ford as a potential witness, Liberty Farm relies on more indirect arguments, but these are insufficient and unpersuasive. The fact that Ford's name and his role in the quarantine investigation were mentioned throughout the deposition testimony of other witnesses does not satisfy Liberty Farm's disclosure obligations, nor does defense counsel's having once indicated that "Rusty Ford or someone in his office" could authenticate Department of Agriculture documents. [DE 161-2 at 2.] The appearance of an individual's name in discovery, or even that his role in the facts is discussed, is not a substitute

3

for the opposing party's intentional identification of the witness and description of his anticipated testimony that is required by the Federal Rules (and in this case by discovery requests as well).

The Seventh Circuit has repeatedly emphasized that compliance with Rule 26(a) is a prerequisite for use of a witness at trial, and that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998), quoted in *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). *See also Tribble v.* Evangelides, 670 F.3d 753, 760 (7th Cir. 2012); *Ciomber v. Cooperative Plus, Inc.*, 527 U.S. 635, 641 (7th Cir. 2008). I have no reason to find bad faith or willfulness involved in Liberty Farm's failure to timely disclose Ford as a witness, but I also find no basis to excuse the failure as somehow justified or as harmless. Whether or not plaintiffs knew who Rusty Ford was in the scheme of things, they did not know that defendants intended to call him as a witness at trial to testify on all the significant matters now identified in their offer of proof. Trial is now less than two weeks away, and plaintiffs would be prejudiced by having to disrupt their trial preparation to deal with preparation for and the taking of Ford's deposition for the purpose of presentation at trial, when Ford could have and should have been properly disclosed as a witness long ago.

For all these reasons, defendants' Motion for Leave to Take Trial Deposition of Rusty Ford [DE 155] was DENIED by my previous order of August 9, 2013 [DE 169].

**SO ORDERED**.

ENTERED: August 13, 2013.

 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE

4

UNITED STATES DISTRICT COURT